```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PROGRESSIVE NORTHERN              )
INSURANCE COMPANY,                )  Civil Action
                                  )  No. 02-CV-04026
          Plaintiff               )
                                  )
     vs.                          )
                                  )
JUSTINE COLEMAN,                  )
JOSEPH H. COLEMAN, JR., and       )
IVETTE PIZARRO,                   )
                                  )
          Defendants              )


                       *   *   *

APPEARANCES:
     JAMES G. NEALON, III, ESQUIRE
          On behalf of Plaintiff

     RICHARD T. KUPERSMITH, ESQUIRE
          On behalf of Defendants,
          Joseph H. Coleman, Jr. and
          Ivette Pizarro

                       *   *   *
```

RULE 16 STATUS CONFERENCE ORDER

NOW, this 7th day of January, 2003, after status conference conducted by telephone, with the undersigned on this date, pursuant to Rule 16 of the Federal Rules of Civil Procedure, and by agreement of counsel,

IT IS ORDERED that plaintiff shall have until February 6, 2003 to serve the Complaint upon defendant Justine Coleman and to file a Certificate of Service.

IT IS FURTHER ORDERED that on or before February 20, 2003 plaintiff's counsel shall prepare and serve on all counsel and unrepresented parties in the within matter and in <u>Joseph H. Coleman, Jr. and Ivette Pizarro v. Justine Coleman</u>, Berks County Case Number 02-4341, a stipulation and proposed Order to refer both matters for consolidated binding private dispute resolution. On or before February 20, 2003 plaintiff's counsel shall submit to the undersigned the Stipulation executed by all counsel and unrepresented parties, and the agreed proposed Order, or shall advise the undersigned by that date that there is no agreement.

IT IS FURTHER ORDERED that in the event that on or before February 20, 2003 the parties do not agree to binding private dispute resolution, all counsel shall, on or before March 31, 2003, submit to the undersigned and all other counsel and unrepresented parties, a memorandum of law concerning the meaning and legal significance of "intentional" and "intentional act" as those terms relate to the actions of defendant Justine Coleman in allegedly causing the motor vehicle accident which is the subject of this lawsuit.

IT IS FURTHER ORDERED that, except as otherwise provided below, all discovery shall be completed by March 31, 2003.

IT IS FURTHER ORDERED that all discovery motions, including motions concerning expert witnesses, shall be filed and served prior to the close of discovery.  Any motions filed in violation of this Order may be deemed waived in the absence of good cause shown.

IT IS FURTHER ORDERED that all dispositive motions, including motions for summary judgment, accompanied by a brief, shall be filed and served on or before April 18, 2003.

IT IS FURTHER ORDERED that all responses to any dispositive motions filed, shall be filed on or before May 2, 2003.

IT IS FURTHER ORDERED that in the event that on or before February 20, 2003 the parties do not agree to binding private dispute resolution, the undersigned will reschedule an additional Rule 16 Status Conference by telephone conference call to be initiated by plaintiff's counsel, to be held after April 18, 2003 if no dispositive motions are filed, or to be held after May 2, 2003 if a dispositive motion is filed.  Counsel for all parties, and defendant Justine Coleman if she is unrepresented by counsel in the within action, shall participate in the telephone conference.

IT IS FURTHER ORDERED that all motions (except those relying solely on a Federal Rule of Civil Procedure) shall be accompanied by a brief, not to exceed twenty-five pages without

prior leave of court.  There shall be no reply briefs unless requested, or authorized, by the undersigned.  Reply briefs shall not exceed seven pages and must be filed within three business days of the court's request or approval.

<u>IT IS FURTHER ORDERED</u> that any party filing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, in numbered paragraphs, of the material facts about which the moving party contends there is no genuine dispute.  The moving party shall support each such material fact with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  Failure to submit such a statement may constitute grounds for denial of the motion.

<u>IT IS FURTHER ORDERED</u> that any party opposing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, responding in numbered paragraphs to the moving party's statement of the material facts about which the opposing party contends there is a genuine dispute, with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  All factual assertions set forth in the moving party's statement shall be deemed admitted

unless specifically denied by the opposing party in the manner set forth in this paragraph.

                              BY THE COURT:


                              _____
                              James Knoll Gardner
                              United States District Judge