IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) Civil Action |
| Plaintiff, | ) ) |
| vs. | ) No. 02-CV-04026 ) |
| JUSTINE COLEMAN, JOSEPH H. COLEMAN, JR., and IVETTE PIZARRO, | ) ) ) ) |
| Defendants. | ) |

O R D E R

NOW, this 16th day of July, 2003, upon consideration of the Motion of Jesse L. Pleet, Esquire and Law Offices of Jesse L. Pleet, P.C. to Withdraw as Counsel for Defendant, Justine Coleman, a/k/a Justine Morrison, filed on June 27, 2003; it appearing that counsel seeks leave of court to withdrawal its appearance on behalf of defendant Justine Coleman pursuant to Rule 5.1(c) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania[1]; it further appearing that neither plaintiff nor the remaining defendants oppose such motion; it further appearing that, while subject to this Order, counsel will not be violating Rule 1.16 of

---

[1] Rule 5.1(c) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania provides that "[a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this Court shall at the same time enter an appearance for the same party." L.R.C.P. 5.1(c). Because no other attorney of this Court has entered an appearance on behalf of defendant Justine Coleman, leave of court is required for counsel to withdraw from this matter.

Pennsylvania's Rules of Professional Conduct by continuing to represent defendant Justine Coleman in this matter, despite defendant's discharge of counsel[2]; it further appearing that granting leave to withdraw will not prejudice plaintiff or any remaining defendants because they have not opposed the motion to withdraw; it further appearing that either the administration of justice will be adversely affected or the final disposition of this case will be significantly delayed by granting counsel leave to withdraw[3],

---

[2]   Rule 1.16 of Pennsylvania's Rules of Professional Conduct requires an attorney to withdraw his representation when discharged by a client except that, "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."  Moreover, the Third Circuit Court of Appeals has reasoned that an attorney is not in an unacceptable ethical position where he is discharged by his client and not permitted to withdraw his appearance before the Eastern District of Pennsylvania.  Ohntrup v. Firearms Center, Inc., 802 F.2d 676, 679 (3d Cir. 1986).

[3]   As this court has repeatedly recognized, the imminence of trial combined with the absence of substitute counsel leads to two unsavory alternatives should the court grant leave to withdraw – delaying the impending trial or forcing the party to go forward pro se.  E.g., Carter v. City of Philadelphia, No. 98-CV-2903, 2000 U.S. Dist. LEXIS 5711 *4 (E.D. Pa. April 25, 2000); Chester v. The May Department Store Co., No. 98-CV-5824, 2000 U.S. Dist. LEXIS 50 *4 (E.D. Pa. January 7, 2000).

   In the instant case, counsel filed this motion approximately seven weeks prior to the August 18, 2003 trial date and no entry of appearance has been entered by substitute counsel.  Granting counsel's motion, therefore, would result in either a delay in the resolution of this case or the inefficient administration of justice.

IT IS ORDERED that counsel's motion is denied.[4]

BY THE COURT:

_____
James Knoll Gardner
United States District Judge

---

[4] In deciding a motion to withdraw, the court must consider the following four factors: "1) reasons for withdrawal; 2) resulting prejudice; 3) the [e]ffect withdrawal may have on the administration of justice; and 4) whether and to what extent final disposition of the case will be delayed." Green Stripe, Inc. v. Di Piazza, No. 01-CV-2360, 2003 U.S. Dist. LEXIS 6633 *4 (E.D. Pa. March 31, 2003). The imminence of trial and lack of substitute counsel often combine to render granting leave to withdraw inappropriate. E.g., Carter v. City of Philadelphia, No. 98-CV-2903, 2000 U.S. Dist. LEXIS 5711 *4 (E.D. Pa. April 25, 2000); Employers Reinsurance Corp. v. Sarris, 746 F. Supp. 560, 568 (E.D. Pa. 1990).

As explained above, trial is only a few weeks away and substitute counsel has not entered an appearance. Granting leave to withdraw would either delay the resolution of this case or force defendant Justine Coleman to proceed pro se, contrary to the interests of justice. Therefore, leave to withdraw counsel's appearance is inappropriate.