**EISENBERG, ROTHWEILER**
**SCHLEIFER, WEINSTEIN & WINKLER, P.C.**
**BY: RICHARD T. KUPERSMITH, ESQUIRE**      **ATTORNEY FOR DEFENDANTS**
Attorney I.D. No. 52614                                             **JOSEPH COLEMAN AND**
1634 Spruce Street                                                        **IVETTE PIZARRO**
Philadelphia, PA 19103
(215) 546-6610

| | | |
|---|---|---|
| PROGRESSIVE NORTHERN | : | UNITED STATES DISTRICT COURT |
| INSURANCE COMPANY | : | EASTERN DISTRICT OF PA |
| | : | |
| vs. | : | |
| | : | |
| JUSTINE COLEMAN, JOSEPH | : | |
| COLEMAN AND IVETTE PIZARRO | : | CIVIL ACTION NO: 02-4026 |

**SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**SUBMITTED BY DEFENDANTS, JOSEPH COLEMAN AND IVETTE PIZARRO**

Defendants, Joseph Coleman and Ivette Pizarro by and through their counsel, Richard T. Kupersmith, Esquire offer the following Supplemental Findings of Fact and Conclusions of Law for consideration by this Honorable Court:

1.　As defendant, Joseph H. Coleman, Jr., proceeded southbound on the N. 5th Street Highway an accident occurred wherein the vehicle operated by Joseph H. Coleman, Jr. was struck in the rear by defendant, Justine Coleman.

2.　The accident occurred as defendant, Joseph H. Coleman, Jr. was moving from the left hand lane southbound to the right hand lane and then began to break his vehicle.

3.　At the time of the impact between the two vehicles Justine Coleman was to the rear of the vehicle operated by Joseph Coleman.

4.　After the initial impact, Joseph Coleman attempted to regain control of his vehicle

which had started to drift to the right side of the road and, at the same time, Justine Coleman attempted to gain control of her vehicle.

5. As Joseph Coleman brought his vehicle back to the middle of the right hand lane, Justine Coleman accidentally overturned her wheel and caused a second impact with Mr. Coleman's vehicle.

6. As a result of this accident, defendant, Joseph Coleman sustained multiple injuries to his neck and eventually was required to undergo a refusion of the cervical spine.

7. As a result of the accident as aforementioned, defendant Ivette Pizarro suffered cervical and lumbosacral strain and sprain.

8. There were no passengers in the vehicle operated by Justine Coleman.

9. As a result of the injuries sustained in the motor vehicle accident which took place on May 19, 2000, Joseph Coleman and Ivette Pizarro filed a Civil Action Complaint against Justine Coleman. (A true and correct copy of this Complaint is attached hereto as Exhibit "B".)

10. The attached Civil Action Complaint alleges, among other things, that as a result of her negligence, Justine Coleman caused an accident resulting in bodily injury to Joseph H. Coleman, Jr., and Ivette Pizarro.

11. Pursuant to the terms of her automobile insurance policy, Justine Coleman has a right to be defended and indemnified by Progressive Northern Insurance Company.

## CONCLUSIONS OF LAW

1. This Court concludes that an insurance policy is governed by the following rules of

contract interpretation:

> 1. Terms must be given their ordinary meaning;
>
> 2. Ambiguous terms should be construed against the insurer;
>
> 3. "A term is ambiguous only if 'reasonably intelligent men on considering it in the context of the entire policy would honestly differ as to its meaning;' " and
>
> 4. The parties' "true intent must be determined not only from the language but from all the surrounding circumstances".

<u>United Services Auto Association v. Elitzky</u>, 358 Pa. Supra. 362, 369, 517 A.2d 982 (1986) (quoting <u>Erie Insurance Exchange v. Transamerican Insurance Exchange</u>, 352 Pa. Supra. 78, 507 A.2d 389, 392 (1986).

2. This Court finds as a conclusion of law that the underlying Complaint filed by Joseph H. Coleman, Jr. and Ivette Pizarro against Justine Coleman fixes the parameters of Progressive Northern Insurance Company's obligation to defend and indemnify its insured, Justine Coleman. <u>Elitzky</u>, at 368, 517 A.2d 982.

3. This Court further finds that, as a conclusion of law, Pennsylvania is clear that an intentional act exclusionary clause applies only when the insured intends to cause a harm. Insurance coverage is not excluded because the insured's actions are intentional unless the insured also intended the resultant damage. <u>Mohn v. American Casualty Company of Reading</u>, 458 Pa. 576, 362 A.2d 346 (1974).

4. This Court further concludes that an intended harm exclusion is inapplicable even if the insured should reasonably have foreseen the injury which his actions caused. <u>Mohn</u>, Id.

5. This Court further concludes as a matter of law that an intended harm exclusionary

clause in an insurance contract is ambiguous as a matter of law and must be construed against the insurer. This Court further concludes that such a clause excludes only injury and damage of the same general type which the insured intended to cause. This Court further concludes that an insured intends an injury only if he desired to cause the consequences of his act or if he acted knowing that such consequences were substantially certain to result. *USAA v. Elitzky*, 358 Pa. Supra. 362, 369, 517 A.2d 982 (1986).

6. Here, the Court concludes as a matter of law that the resulting impact between the Coleman vehicles was as a result of an accident and, further, that Justine Coleman was not acting with the requisite intent either to cause the impact or the resulting harm to Joseph H. Coleman, Jr. and Ivette Pizarro.

7. This Court concludes as a matter of law that plaintiff, Progressive Northern Insurance Company's request for declaratory relief is denied and, further, that as a matter of law Progressive Northern Insurance Company must defend and indemnify its insured, Justine Coleman in the lawsuit captioned *Joseph H. Coleman, Jr., and Ivette Pizarro vs. Justine Coleman*, Court of Common Pleas of Berks County, Civil Action No: 02-4341.

    Respectfully submitted,

    EISENBERG, ROTHWEILER
    SCHLEIFER, WEINSTEIN & WINKLER, P.C.

    BY:_____
        RICHARD T. KUPERSMITH, ESQUIRE
        Attorney for Defendants, Joseph Coleman and
            Ivette Pizarro