UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY,<br>    Plaintiff<br><br>    v.<br><br>JUSTINE COLEMAN, JOSEPH H. COLEMAN, JR., and IVETTE PIZARRO,<br>    Defendants | :<br>:<br>: No. 02-CV-4026<br>:<br>:<br>:<br>:<br>:<br>: |

SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW
<u>SUBMITTED BY DEFENDANT, JUSTINE COLEMAN</u>

Defendant, Justine Coleman, by and through her counsel, Jesse L. Pleet, Esquire, offers the following Supplemental Findings of Fact and Conclusions of Law for consideration by this Honorable Court:

1.  As Defendant, Joseph H. Coleman, Jr. ("Defendant Joseph Coleman"), proceeded southbound on the North 5th Street Highway an accident occurred wherein the vehicle operated by Defendant Joseph Coleman was struck by a vehicle operated by Defendant, Justine Coleman.

2.  Defendant, Joseph Coleman, alleges that he sustained multiple injuries to his neck and eventually was required to undergo a refusion of the cervical spine as a result of this accident.

3.  Defendant, Ivette Pizarro, alleges that she suffered cervical and lumbosacral strain and sprain as a result of this accident.

4.  There were no passengers in the vehicle operated by Defendant Justine Coleman.

5.  Defendants Joseph Coleman and Ivette Pizarro filed a Civil Action Complaint against Defendant, Justine Coleman in connection with the motor vehicle accident which took

place on May 19, 2000. A true and correct copy of this Complaint is attached hereto as Exhibit "A".

6. The Civil Action Complaint alleges, among other things, that as a result of her negligence, Defendant, Justine Coleman, caused an accident resulting in bodily injury to Defendant, Joseph Coleman and Ivette Pizarro.

7. The Plaintiff, Progressive Northern Insurance Company, submitted Proposed Findings of Fact and Conclusions of Law under cover letter of August 15, 2003 from its counsel which includes a proposed fact No. 8 that "Justine Coleman was attempting to get the attention of Joseph Coleman in order to have him stop and ask about signing divorce papers."

8. The Plaintiff, therefore, admits that the occasion of the traffic accident was not caused by any intentional act of Justine Coleman to either create a traffic accident or cause personal injury to Joseph Coleman, Jr. or his passenger, Ivette Pizarro.

9. Pursuant to the terms of her automobile insurance policy, Justine Coleman has a right to be defended and indemnified by Progressive Northern Insurance Company.

## CONCLUSIONS OF LAW

1. This Court concludes that an insurance policy is governed by the following rules of contract interpretation:

    1. Terms must be given their ordinary meaning;

    2. Ambiguous terms should be construed against the insurer;

    3. "A term is ambiguous only if 'reasonably intelligent men on considering it in the contest of the entire policy would honestly differ as to its meaning';" and

    4. The parties' "true intent must be determined not only from the language but from all the surrounding circumstances."

*United Services Auto Association v. Elitzky*, 358 Pa. Supra. 362, 369, 517 A.2d 982 (1986) (quoting *Erie Insurance Exchange v. Transamerican Insurance Exchange*, 352 Pa. Supra. 78, 507 A.2d 389, 392 (1986).

2. This Court finds as a conclusion of law that the underlying Complaint filed by Defendants, Joseph Coleman and Ivette Pizarro, against Defendant, Justine Coleman, fixes the parameters of Progressive Northern Insurance Company's obligation to defend and indemnify its insured, Justine Coleman. *Elitzky*, at 368, 517 A.2d 982.

3. This Court further finds that, as a conclusion of law, Pennsylvania is clear that an intentional act exclusionary clause applies only when the insured intends to cause a harm. Insurance coverage is not excluded because the insured's actions are intentional unless the insured also intended the resultant damage. *Mohn v. American Casualty Company of Reading*, 458 Pa. 576, 362 A.2d 346 (1974).

4. This Court further concludes that an intended harm exclusion is inapplicable even if the insured should reasonably have foreseen the injury which his actions caused. *Mohn*, *Id*.

5. This Court further concludes as a matter of law that an intended harm exclusionary clause in an insurance contract is ambiguous as a matter of law and must be construed against the insurer. This Court further concludes that such a clause excludes any injury and damage of the same general type which the insured intended to cause. This Court further concludes that an insured intends an injury only if he desired to cause the consequences of his act or if he acted knowing that such consequences were substantially certain to result. *USAA v. Elitzky*, 358 Pa. Supra. 362, 369, 517 A.2d 982 (1986).

6. Here, the Court concludes as a matter of law that the resulting impact between the Coleman vehicles was a result of an accident and, further, that the Defendant, Justine Coleman,

3

was not acting with the requisite intent to cause either the impact or the alleged resulting harm to the Defendants, Joseph Coleman and Ivette Pizarro.

7. This Court concludes as a matter of law that the Plaintiff, Progressive Northern Insurance Company's request for declaratory relief is denied and, further, that as a matter of law Progressive Northern Insurance Company must defend and indemnify its insured, Justine Coleman in personal injury claims arising out of the traffic accident including, but not limited to the lawsuit captioned *Joseph H. Coleman, Jr. and Ivette Pizarro vs. Justine Coleman*, pending in the Court of Common Pleas of Berks County to Civil Action No. 02-4341.

Respectfully submitted,

LAW OFFICES OF JESSE L. PLEET, P.C.

_____
Jesse L. Pleet, Esquire
Attorneys for Defendant, Justine Coleman
1150 Berkshire Boulevard, Suite 220
P.O. Box 6799
Wyomissing, PA 19610
(610) 373-8570
(610) 373-8571 Fax
Attorney I.D.# 34783